UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRINITY CAMPBELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MOD SUPER FAST PIZZA, LLC, a Washington Limited Liability Company, and MOD SUPER FAST PIZZA FRANCHISING, LLC, a Washington Limited Liability Company,<br><br>Defendants. | Case No. 2:22-cv-00864-RSL<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR TRANSFER** |

THIS MATTER comes before the Court on "Defendants' Motion to Dismiss for Improper Venue or, in the Alternative[,] to Transfer." Dkt. # 11. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Pursuant to 28 U.S.C. § 2000e-5(f)(3), a Title VII action may be brought in any judicial district "where the unlawful employment practice is alleged to have been committed," where "the employment records relevant to such practice are maintained and administered," or where "the aggrieved person would have worked but for the alleged unlawful employment practice." Only if the defendant is not found in any of those districts can it be sued where it has its principal place of business. Plaintiff has the burden of showing that her chosen venue is permissible under the governing statute. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th

Cir. 1979); *Design Res., Inc. v. Leather Indus. of Am., Inc.*, No. C09-0611RSM, 2010 WL 342181, at *2 (W.D. Wash. Jan. 21, 2010).

The hostile work environment of which plaintiff complains occurred in Texas, there is no indication that relevant employment records are maintained in Washington, and plaintiff does not allege that she intended to or would have worked in Washington. Nevertheless, venue is proper under Section 2000e-5(f)(3). In addition to her hostile work environment claim, plaintiff asserts that defendants, acting through their human resources employees at their headquarters in Bellevue, Washington,[1] failed to take prompt and effective remedial action regarding her complaint, thereby exposing themselves to liability for their employees' discriminatory conduct and causing plaintiff's involuntary termination. Because Title VII allows plaintiff to file suit in *any* judicial district "where the unlawful employment practice is alleged to have been committed," venue under Section 2000e-5(f)(3) is proper.

Defendants argue in the alternative that the matter should be transferred to the Eastern District of Texas under 28 U.S.C. § 1404. That section provides:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." . . . The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum. . . . As part of this inquiry, the court should consider private and public interest factors affecting the convenience of the forum. . . . Private factors include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. . . . Public factors include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home;

---

[1] Defendants fault plaintiff for failing to prove that the corporate employees who handled her complaint were actually in Washington at the relevant time. When ruling on a Rule 12(b)(3) motion, the Court need not accept allegations as true if facts outside the pleadings controvert the complaint. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133 (9th Cir. 2004). Defendants have not, however, provided evidence that the corporate employees were outside of Washington in May and June 2020: simply raising a hypothetical possibility is insufficient.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS OR TRANSFER
- 2 -

> the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (internal citations and quotation marks omitted). Defendants bear the burden of showing that transfer under Section 1404(a) is warranted. After considering the factors enumerated in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 49899 (9th Cir. 2000),[2] the Court finds that defendants have not made a strong enough showing of unfairness or inconvenience to upset plaintiff's choice of forum.

For all of the foregoing reasons, defendants' motion to dismiss or to transfer venue (Dkt. # 11) is DENIED.

Dated this 31st day of October, 2022.

Robert S. Lasnik
United States District Judge

---

[2] The Ninth Circuit requires an individualized and case-by-case consideration of factors related to convenience and fairness when determining whether to transfer under § 1404(a) and has identified various relevant considerations, including: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, . . . (8) the ease of access to sources of proof," (9) the presence of a forum selection clause, and (10) the relevant public policy of the forum state. *Jones*, 211 F.3d at 498–99.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS OR TRANSFER