1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRINITY CAMPBELL,

               Plaintiff,

    v.

MOD SUPER FAST PIZZA, LLC, *et al.*,

               Defendants.

CASE NO. 2:22-cv-00864-RSL

ORDER REGARDING DISCOVERY

      This matter comes before the Court on "Defendants' Motion for Protective Order to Stay Discovery Pending Decision on Defendants' Motion to Compel Arbitration." Dkt. # 33. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

      The parties agree that, in order to obtain a protective order staying discovery, defendants bear the burden of showing that (1) the pending motion to compel arbitration will potentially resolve the entire case and (2) the dispositive motion can be decided without additional discovery. Dkt. # 33 at 3; Dkt. # 35 at 4-5. In making these determinations, the Court takes a "preliminary peek" at the merits of the pending dispositive motion. *Dorian v. Amazon Web Servs.*, Inc., No. 2:22-CV-00269-JHC, 2022 WL 3155369, at *1 (W.D. Wash. Aug. 8, 2022) (citations omitted).

ORDER REGARDING DISCOVERY - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Plaintiff argues that the pending motion to compel arbitration cannot be decided without additional discovery regarding whether the arbitration agreement is valid, when defendants knew of the arbitration agreement, and whether the agreement presented by defendants is the same one plaintiff allegedly signed. Plaintiff has submitted a declaration asserting that she did not see the purported agreement until her attorney showed it to her in November 2022, that the name on the signature line is not her legal name, and that she did not sign the agreement on which defendants rely. Dkt. # 39 at ¶¶ 3-4. In order to respond to defendants' assertions that she was given the opportunity to review the arbitration agreement and signed it on her first day of employment, she needs information regarding defendants' on-boarding processes, how the purported agreement was generated, whether there are any witnesses with personal knowledge of the purported signing, and why the document has a partial, digital signature. In addition, plaintiff should be able to inquire as to the date and circumstances of defendants' purported discovery of an arbitration agreement contained in its own files, especially in light of defendants' assertion that all employees sign such an agreement and their subsequent failure to assert a right to arbitration in the answer to the complaint.

For all of the foregoing reasons, defendants' motion to stay discovery is DENIED, but discovery shall be limited to issues related to the motion to compel arbitration until the appropriate venue for this litigation is identified. The Clerk of Court is directed to renote the motion to compel arbitration (Dkt. # 30) on the Court's calendar for consideration on Friday, July 14, 2023, and the parties are hereby given leave to file supplemental briefs in opposition and reply thereto. Defendants shall, within seven days of the date of this Order, produce plaintiff's entire personnel file, including anything related to the on-boarding process and the purported arbitration agreement. Plaintiff shall have approximately two

ORDER REGARDING DISCOVERY - 2

months in which to conduct follow-up discovery related to the creation and discovery of the document.

Dated this 2nd day of May, 2023.

Robert S. Lasnik
United States District Judge

ORDER REGARDING DISCOVERY - 3